■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RANDOLPH ODOM, Appellant.— Judgement of the County Court, Suffolk County, rendered May 25, 1971 on resentence, affirmed. No opinion. Appeal from two orders of the same court, dated October 9, 1970 and November 23, 1970, respectively, dismissed. The order dated October 9, 1970 dismissed appellant's motion for a reduction of sentence and the order dated November 23, 1970 granted appellant's motion for reargument of the prior motion and adhered to the original decision. Such orders are not appealable. We have, however, considered appellant's contentions as to the orders and, if the appeals from the orders were not being dismissed, we would affirm the orders. Rabin, P. J., Latham, Shapiro, Christ and Benjamin, JJ. concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM STANBRIDGE, Appellant.— Order of the Supreme Court, Nassau County, entered December 9, 1970, affirmed (*People* v. *Moll,* 26 A D 2d 654, affd. 21 N Y 2d 706, affd. on rearg. 26 N Y 2d 1, cert. den. *sub nom. Stanbridge* v. *New York,* 398 U. S. 911). Rabin, P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PHILIP EARL THOMAS, Appellant.— Judgment of the Supreme Court, Queens County, rendered November 6, 1970, affirmed (see *People* v. *Thomas,* 39 A D 2d 544). Rabin, P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALLACE WILLIAMS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered on resentence April 6, 1971, *nunc pro tunc* as of March 29, 1971, convicting him of criminally selling a dangerous drug in the third degree (a felony) and other crimes, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial granted. In our opinion, the following errors deprived defendant of a fair trial: (1) statements in the prosecutor's summation accusing defendant of the commission of similar crimes (*People* v. *McKinney,* 24 N Y 2d 180) and raising the issue of police perjury if defendant's testimony were believed by the jury and (2) that portion of the trial court's instructions which, in effect, told the jury to acquit defendant only if they believed the police officers were guilty of perjury (*People* v. *Roberts,* 26 A D 2d 655), thereby unduly limiting the jury's function to resolve inconsistencies in the trial testimony as it saw fit. Martuscello, Acting P. J., Latham, Christ and Benjamin, JJ., concur; Gulotta, J., concurs, with the following additional memorandum: I concur in the reversal on the grounds relied upon in the prevailing memorandum. However, additionally, I believe that under the particular facts of this case the refusal of the trial court to direct the prosecution to divulge the identity of an alleged informant, whose existence was challenged by defense counsel, was also error depriving defendant of a fair trial (*Roviaro* v. *United States,* 353 U. S. 53; *People* v. *Malinsky,* 15 N Y 2d 86, 94).